1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIJAH LEE MILLER, | No. 2:21-CV-0650-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2  with at least some degree of particularity overt acts by specific defendants which support the

3  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4  impossible for the Court to conduct the screening required by law when the allegations are vague

5  and conclusory.

6

7                                    **I.  PLAINTIFF'S ALLEGATIONS**

8              Plaintiff brings suit against (1) the State of California (State) and (2) the California

9  Department of Corrections and Rehabilitation (CDCR). See ECF No. 1, pg. 1. According to the

10  complaint, the events giving rise to the complaint occurred at Mule Creek State Prison (MCSP).

11  See id.

12              From the complaint, it is unclear what rights Plaintiff claims he was deprived of or

13  who deprived Plaintiff of those rights. Plaintiff claims false imprisonment and false accusations

14  of sexual assault against him. Id. at 2.  Plaintiff alleges that in July or August of 2012, Plaintiff's

15  "so-called victim" moved into the same complex as Plaintiff and they "became instantly in love

16  with each other." Id. at 3. Plaintiff states that he believed Plaintiff's victim then moved out to be

17  closer to the inmate's mother. Id. Plaintiff states he did not know that the individual moved out

18  because the person believed the sexual accusations made against Plaintiff. Id. Plaintiff made

19  appeals to the "San Diego In Concert Project" in 2015-16, but it is unclear if these appeals

20  concern the alleged 2012 events or another conviction where Plaintiff signed a guilty plea bargain

21  at his attorney's suggestion. See id. at 2-3. Plaintiff claims that he did not understand what was

22  happening when Plaintiff signed the plea bargain. Id. at 2. Plaintiff alleges that a counselor

23  ignored Plaintiff in a face-to-face conference in July of 2015, but it is unclear whether the

24  counselor refers to Plaintiff's attorney or an employee of the grievance process. Id.  Plaintiff asks

25  the Court to "dismiss all charges put against me back in 2013 to the present moment of the

26  findings by the court and expunge my records."  Id. at 3.

27  / / /

28  / / /

2

## II.  DISCUSSION

The Court finds that Plaintiff does not state any cognizable claims upon which relief can be granted under § 1983. Based on Plaintiff's request to expunge his records, Plaintiff is attempting to file a petition for habeas corpus. Furthermore, it is not clear what Plaintiff alleges and against whom. The facts allege two separate incidents involving another inmate and Plaintiff's counselor without alleging any specific claim against individuals who deprived Plaintiff of a constitutional right. Without more, Plaintiff fails to state a claim upon which relief can be granted.  Finally, the only named defendants are immune from suit under the Eleventh Amendment.

### A.     Habeas Corpus and Causes of Action Under § 1983

Plaintiff asks for relief available only through a petition for habeas corpus. "[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that an injunctive relief action to restore the revocation of good-time credits is not cognizable under § 1983); see also Skinner v. Switzer, 562 U.S. 521, 525 (2011); Simpson v. Thomas, 528 F.3d 685, 692-93 (9th Cir. 2008); Ramirez v. Galaza, 334 F.3d 850, 855-56 (9th Cir. 2003); Bogovich v. Sandoval, 189 F.3d 999, 1002-03 (9th Cir. 1999) (applying rule to ADA claim); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).

Accordingly, where the § 1983 action would necessarily imply the invalidity of the conviction or sentence, it may not proceed. See Edwards v. Balisok, 520 U.S. 641, 646-48 (1997), 520 U.S. at 646-48 (concluding that § 1983 claim was not cognizable because allegation of procedural defect – a biased hearing officer – would result in an automatic reversal of the prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-87 (1994). (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim which includes as an element that the criminal proceeding was concluded in plaintiff's favor); Szajer v.

1  City of Los Angeles, 632 F.3d 607, 611-12 (9th Cir. 2011) (concluding that Fourth Amendment

2  unlawful search claim was not cognizable because a finding that there was no probable cause for

3  the search would necessarily imply the invalidity of plaintiffs' conviction for felony possession of

4  a pistol); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam)

5  (concluding that claims for false arrest and false imprisonment were not cognizable because a

6  finding that there was no probable cause to arrest plaintiff for disturbing the peace would

7  necessarily imply that plaintiff's conviction for disturbing the peace was invalid).

8        Where a § 1983 action alleges constitutional violations that would necessarily

9  imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying

10  sentence or conviction has been invalidated on appeal, by a habeas petition, or through some

11  similar proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-87 (1994). According to the

12  complaint, Plaintiff claims false imprisonment, which necessarily challenges Plaintiff's

13  conviction and bars the complaint from moving forward because of the "favorable termination"

14  rule derived from Heck, regardless of the remedy sought. See id.; Cabrera 159 F.3d 374, 380;

15  Balisok, 520 U.S. 641, 646-48; Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (explaining that

16  "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought

17  (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

18  conviction or internal prison proceedings) – if success in that action would necessarily

19  demonstrate the invalidity of confinement or its duration.").

20        Here, the purpose of Plaintiff's claims of false sexual assault allegations are unclear

21  in regard to who Plaintiff alleges made these allegations or what constitutional deprivation

22  Plaintiff suffers. With that in mind, cases that state a habeas claim instead of a § 1983 claim

23  should be dismissed without prejudice. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487;

24  Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997) (affirming dismissal without prejudice of

25  claims relating to disciplinary proceedings where good-time credits were involved); Trimble v.

26  City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).

27  / / /

28  / / /

4

1    **B.**    <u>**Immunity**</u>

2          Plaintiff names the State of California (State) and the CDCR as defendants in this

3    action. The Eleventh Amendment prohibits federal courts from hearing suits brought against a

4    state both by its own citizens, as well as by citizens of other states.  <u>See</u> <u>Brooks v. Sulphur</u>

5    <u>Springs Valley Elec. Coop.</u>, 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to

6    suits against states themselves, and to suits against state agencies.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66

7    F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).

8    A state's agency responsible for incarceration and correction of prisoners is a state agency for

9    purposes of the Eleventh Amendment.  <u>See</u> <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978) (per

10   curiam); <u>Hale v. Arizona</u>, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

11         Plaintiff fails to name any individuals who deprived Plaintiff of a constitutional

12   right. The State and the CDCR qualify as a state and state agency respectively for the purposes of

13   immunity under the Eleventh Amendment. Without any other named defendants, the case cannot

14   go forward. Plaintiff will be provided the opportunity to amend.

15

16                          **III. CONCLUSION**

17         Because it is possible that the deficiencies identified in this order may be cured by

18   amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

19   action.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

20   informed that, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u>

21   <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

22   amend, all claims alleged in the original complaint which are not alleged in the amended

23   complaint are waived.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

24   Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

25   Plaintiff's amended complaint complete.  <u>See</u> Local Rule 220.  An amended complaint must be

26   complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

27   / / /

28   / / /

1        If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the

2   conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See

3   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

4   each named defendant is involved, and must set forth some affirmative link or connection

5   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

6   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

7        Finally, Plaintiff is warned that failure to file an amended complaint within the

8   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

9   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

10  with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

11  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

12

13       Accordingly, IT IS HEREBY ORDERED that:

14       1.     Plaintiff's original complaint is dismissed with leave to amend; and

15       2.     Plaintiff shall file a first amended complaint within 30 days of the date of

16  service of this order.

17

18  Dated:  June 11, 2021

19                                                         _____

20                                                         DENNIS M. COTA
                                                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28