IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:21-CV-0650-JAM-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 14.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

1 rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2 with at least some degree of particularity overt acts by specific defendants which support the

3 claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4 impossible for the Court to conduct the screening required by law when the allegations are vague

5 and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Josef Daniel Miller; (2) Patricia Miller; (3) Creg Marmont; (4) San Bernardino County; and (5) the State of California.  See ECF No. 14, pgs. 1, 2.  In Claim I, Plaintiff alleges that Josef Miller is hateful towards transgender people, homosexuals, and bisexuals.  See id. at 3.  Plaintiff appears to claim that Miller and his mother, Defendant Patricia Miller, testified against him because Plaintiff is homosexual.  See id.  According to Plaintiff, he and Defendant Josef Miller had consensual sex but Miller later accused Plaintiff of raping him.  See id.  Plaintiff claims he was falsely accused of sex acts and that has resulted in him being "labeled as a sex offender."  Id.  In Claim II, Plaintiff alleges that Defendants San Bernardino County and the State of California are liable for false imprisonment "with no actual facts."  Id. at 4.  In Claim III, Plaintiff asserts that the "entire legal system" has falsely convicted him.  Id. at 5. The first amended complaint contains no allegations as to Defendant Creg Marmont, who is named for the first time in the amended pleading.  For relief, Plaintiff seeks a trial to allow him to prove his innocence.  See id. at 6.

## II. DISCUSSION

Plaintiff's first amended complaint was filed following the Court's June 11, 2021, order addressing the sufficiency of Plaintiff's original complaint.  In that order, the Court found that the original complaint, which named the State of California and the California Department of Corrections and Rehabilitation as the only defendants, failed to state any cognizable claims.  See ECF No. 12.  In particular, the Court noted that the only named defendants are immune under the Eleventh Amendment.  See id. at 5.  More significantly, the Court also observed that Plaintiff's

claims are barred under the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). See ECF No. 12, pgs. 3-4. Plaintiff was advised of these defects and provided an opportunity to amend.

The Court finds that Plaintiff's first amended complaint continues to set forth claims which are not cognizable under Heck. Where a § 1983 action alleges claims which, if successful, would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Heck, 512 U.S. at 483-84 (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (concluding that § 1983 action seeking changes in procedures for determining when an inmate is eligible for parole consideration not barred because changed procedures would hasten future parole consideration and not affect any earlier parole determination under the prior procedures).

Here, Plaintiff claims all relate to his conviction for a sex crime. In Claim I, Plaintiff alleges that the witnesses against him were biased. In Claim II, Plaintiff alleges that he was convicted in the absence of evidence. And in Claim III, Plaintiff alleges he was wrongfully convicted. Success on any of these claims would necessarily imply the invalidity of Plaintiff's underlying criminal conviction for a sex crime. Despite being advised of this defect previously, Plaintiff has not alleged any new facts in the first amended complaint to indicate the Heck bar does not apply. Specifically, he has not alleged any facts to show he obtained a favorable termination with respect to his underlying conviction such that the current civil rights claims could proceed.

///

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 30, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE